Caeuthers, -J.,
delivered the opinion of the Court.
The Corporation passed an ordinance, “Forbidding the erection of. a horse rack, or place for hitching to horses, on the Public Square or streets, or alleys of the city,” under a penalty of not less than ten nor more than fifty dollars. The plaintiff in error violated this ordinance, and was sued for the penalty. A recovery was had against him before the Recorder, and upon appeal in the Circuit Court.
The defence was, that he was acting under the order and employment of the County Court of Davidson, to plant posts or racks on the outside of the brick wall enclosure around the court house, in the public square, sufficient for the hitching of several hundred horses.
The case depends upon the question of paramount authority between these two municipal corporations, as to the matter in contest. In favor of the County *300 Court it is claimed, that the Public Square belongs to the county, and is under the control of the Court, at least so far as may by it be deemed necessary for the convenience of the people of the county; that the Court has the right and power to determine as to the erections needed for this purpose, and the city authorities have no right to interfere. So far as this right is vested upon title to the property, it cannot be maintained. By the act of the Legislature of North Carolina before Tennessee became a State, viz: in 1794, certain commissioners or trustees were empowered to lay off the town of Nashville upon two hundred acres of land, in one acre lots, reserving four acres for a Public Square, on which a court house and jail were to be built, out of the proceeds of the lot sales. All the title of the trustees or commissioners, was, by the act of the Tennessee Legislature of 1815, vested in the Mayor and Aldermen upon the same trusts. So the trust title passed from the commissioners to the city authorities; yet the county has a beneficial interest in the four acres, as a site for its court house and jail, and as incident to this, the Court must have such powers over it as are necessary for the safe and convenient enjoyment of that right. Of this they cannot be deprived by the corporate authorities of the city.
But, on the other hand, the incidental powers of the Court cannot be so exercised as to inflict a nuisance upon the citizens. To protect themselves against this, ample powers are given by every city or town charter, and it is essential to their health, comfort and prosperity. It is not material whether the nuisance is inflicted by individuals or other *301 corporations — the power to prevent or abate it must abide in the local authority where this necessity of self-preservation exists.
It is not material, then, whether the title to the square is in the county or the city, or neither. If in the former, it would have no more right to erect a nuisance upon it than an individual lot owner, or a private corporation, as a bank, owning a lot. So the ownership of the ground cannot affect the question. Every man or corporation must so use their own property as not to injure others. A nuisance would have this effect, and therefore may be prohibited.
In the exercise, then, of this inherent, paramount, and necessary power, the ordinance in question was made by the proper authority, and the defendant having violated it, was rightfully subjected to the penalty prescribed, as the County Court could not give him authority to do an unlawful act, or shield him from its consequences.
Let the judgment be affirmed.